Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 18, 2009. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree as a hate crime and criminal possession of a weapon in the third degree.
It is hereby ordered that the judgment so appealed from is modified on the law by reversing that part convicting defendant of manslaughter in the first degree as a hate crime (Penal Law §§ 125.20 [1]; 485.05 [1] [a]) and dismissing count one of the indictment and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of manslaughter in the first degree as a hate crime (Penal Law §§ 125.20 [1]; 485.05 [1] [a]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the verdict is inconsistent insofar as the jury convicted him of manslaughter in the first degree as a hate crime but acquitted him of manslaughter in the first degree (§ 125.20 [1]). We agree with that contention and therefore modify the judgment accordingly.
Defendant was charged with killing the victim by shooting him with a rifle from close range. The victim was a young man who dressed as a woman and was known to be homosexual. The indictment charged defendant with three offenses: (1) murder in the second degree, alleging that he intentionally killed the victim due to his sexual orientation; (2) intentional murder in the second degree; and (3) criminal possession of a weapon in the third degree. The case proceeded to trial and, without objection from defendant or the People, County Court submitted several lesser included offenses to the jury. With respect to murder in the second degree as a hate crime, the court charged the lesser included offenses of manslaughter in the first degree as a hate crime and manslaughter in the second degree as a hate crime. For murder in the second degree, the court charged the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree.
By its verdict, the jury found defendant guilty of manslaughter in the first degree as a hate crime and criminal possession of a weapon in the third degree. The jury acquitted defendant of all remaining charges, except for manslaughter in the second degree as a hate crime, which was not reached given the verdict *1146 on manslaughter in the first degree as a hate crime. After the verdict was rendered but before the jurors were discharged, defense counsel stated, “Judge so that we can preserve the record here. We need to raise a motion to vacate a conviction on the manslaughter in the first degree as a hate crime, as an inconsistent verdict with acquittal of manslaughter in the first degree.” Defendant thereby preserved for our review his contention on appeal that the verdict is inconsistent in that respect (see People v Horning, 263 AD2d 955, 955 [1999], lv denied 94 NY2d 824 [1999]; cf. People v Carter, 7 NY3d 875, 876 [2006]). Although the court stated that it understood defense counsel’s position, the court nevertheless discharged the jurors and did not direct them to reconcile their verdict. Defendant later moved to set aside the verdict with respect to manslaughter in the first degree as a hate crime, contending that it was inconsistent with the jury’s finding of not guilty on the charge of manslaughter in the first degree. The court denied the motion without explanation. This appeal ensued.
“A verdict is inconsistent or repugnant . . . where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit” (People v Trappier, 87 NY2d 55, 58 [1995]). “A verdict shall be set aside as repugnant only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury” (People v Brown, 102 AD3d 704, 704 [2013]; see People v Tucker, 55 NY2d 1, 4 [1981], rearg denied 55 NY2d 1039 [1982]), “without regard to the accuracy of those instructions” (People v Muhammad, 17 NY3d 532, 539 [2011]). “The underlying purpose of this rule is to ensure that an individual is not convicted of ca crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all’ ” (id. at 539, quoting Tucker, 55 NY2d at 6).
Here, all of the elements of manslaughter in the first degree are elements of manslaughter in the first degree as a hate crime. The court thus properly instructed the jury that the only difference between the two crimes in this case is that manslaughter in the first degree as a hate crime has an added element requiring the People to prove that defendant intentionally selected the victim due to his sexual orientation. By acquitting defendant of manslaughter in the first degree, the jury necessarily found that the People failed to prove beyond a reasonable doubt at least one element of manslaughter in the first degree. To find defendant guilty of manslaughter in the first degree as a hate crime, however, the jury must have found that the People proved be *1147 yond a reasonable doubt all of the elements of manslaughter in the first degree, plus the added element that defendant selected the victim due to his sexual orientation. It therefore follows that the verdict is inconsistent.
Significantly, the People do not dispute that the verdict is inconsistent based on the elements of the offenses as charged to the jury. Instead, the People contend that the inconsistent verdict should be allowed to stand because the court’s remaining instructions may reasonably have been interpreted by the jurors as giving them a choice of convicting defendant of manslaughter in the first degree as a hate crime or manslaughter in the first degree. We reject that contention. As a preliminary matter, we note that the jury foreperson, in her affidavit submitted by the People in opposition to defendant’s posttrial motion, did not state that the jurors interpreted the court’s instructions in the manner suggested by the People, and there is no other evidence in the record to support the People’s theory. In any event, even assuming, arguendo, that the court suggested to the jurors in its instructions that they could convict defendant of only one of the manslaughter in the first degree charges, we conclude that such a “suggestion” would be immaterial inasmuch as the Court of Appeals has made clear that we may “look[ ] to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court” (Tucker, 55 NY2d at 7 [emphasis added]; see generally Muhammad, 17 NY3d at 539).
Relying on People v Mason (101 AD3d 1659 [2012], revd on other grounds 21 NY3d 962 [2013]), the People further contend that the “split verdict” is not inconsistent or repugnant because it may have been the result of mistake, compromise or an exercise of mercy by the jury. We reject that contention as well. In Mason, the jury’s verdict was apparently illogical but not, as here, legally or theoretically impossible based on the elements of the offenses charged to the jury. A verdict that is legally or theoretically impossible cannot be upheld on the ground that the verdict was the result of mistake, compromise or mercy (see Muhammad, 17 NY3d at 539-540; Tucker, 55 NY2d at 8-9).
We respectfully disagree with our dissenting colleague that ordinary or plain manslaughter in the first degree is a lesser included offense of manslaughter in the first degree as a hate crime. Indeed, both offenses are class B violent felonies, and it thus cannot be said that one is the lesser of the other. We therefore disagree with the dissent that the court should have instructed the jury that, if it found defendant guilty of man *1148 slaughter in the first degree as a hate crime, it should not consider the second count, charging manslaughter in the first degree. The court’s “instructions to the jury will be examined only to determine whether the jury, as instructed, must have reached an inherently self-contradictory verdict” (Tucker, 55 NY2d at 8) and here, upon examining the court’s instructions, we conclude that they did not necessitate an inconsistent verdict (see generally People v Johnson, 87 NY2d 357, 360 [1996]). In any event, even crediting the theory of the dissent that ordinary or plain manslaughter in the first degree is a lesser included offense of manslaughter in the first degree as a hate crime, the verdict is nevertheless inconsistent because the jury found defendant not guilty of ordinary or plain manslaughter in the first degree, and thus “the jury . . . necessarily decided that one of the essential elements [of ordinary or plain manslaughter in the first degree] was not proven beyond a reasonable doubt” (Muhammad, 17 NY3d at 539).
Although it is true, as the dissent points out, that the jurors may have complied with the “letter and spirit of the law” and that jurors, as lay persons, are not legal experts, in our view, both of those points are immaterial. The role of the court, as a legal expert, is to instruct the jurors on the law and where, as here, an attorney timely objects to a verdict as inconsistent, it is incumbent upon the court to inform the jurors of the defect in their verdict and to direct them to resume deliberations so as to render a proper verdict (see CPL 310.50 [2]; People v Robinson, 45 NY2d 448, 452 [1978]). The court’s failure to do so in this case constitutes reversible error. Whether the verdict is “reasonable and logical,” as the dissent concludes, is of no moment inasmuch as the verdict is “inherently repugnant on the law” (Muhammad, 17 NY3d at 538).
In sum, based on our review of the elements of the offenses as charged to the jury, we conclude that the verdict is inconsistent, i.e., “legally impossible” (id. at 539), insofar as it finds defendant guilty of manslaughter in the first degree as a hate crime but not guilty of manslaughter in the first degree. We therefore modify the judgment accordingly (see generally People v Hampton, 61 NY2d 963, 964 [1984]).
We have reviewed defendant’s remaining contentions in both his main and supplemental pro se briefs and conclude that they lack merit.
All concur except Peradotto, J., who dissents and votes to affirm in the following memorandum.